**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
AARON J. SMITH :
DEBTOR(S) : CASE NO: 1:22-BK-00031-HWV
:
: CHAPTER 13

**MOTION TO MODIFY A CHAPTER 13 PLAN**

**AND NOW COMES** the Debtor by their attorney, Samantha C. Wolfe and Scaringi & Scaringi, PC and file the within Amended Motion to Modify a Chapter 13 Plan.

1. The Debtor filed a Chapter 13 Bankruptcy Petition on January 10, 2022.

2. The Debtor filed a 1st Amended Chapter 13 Plan on March 30, 2022.

3. The 1st Amended Chapter 13 Plan was confirmed on May 11, 2022.

4. On June 15, 2022, Portnoff Law Associates, LTD, on behalf of Quincy Township filed a Proof of Claim, in which the claimed pre-petition sewer fees arrears were not accounted for in Debtor's Plan.

5. Due to this secured claim the Debtor seeks to modify his current plan to include the fees owed Quincy Township.

6. Due to this claim addition the Debtor's plan is underfunded.

7. Debtor filed a Motion to Modify a Chapter 13 Plan and the 2nd Amended Plan on June 15, 2022.

8. On July 1, 2022, the Trustee filed an objection to the 2nd Amended Chapter 13 Plan because the Plan term went beyond 60 months.

9. On July 5,2022 Debtor filed an Amended Motion to Modify Chapter 13 Plan.

10. On July 20,2022 the Trustee filed an objection to the 3rd Amended Chapter 13 Plan due to the Plan being ambiguous.

11. Debtor proposes to modify his existing plan in order to fully fund the claims to be paid and correct the term length.

**WHEREFORE**, the Debtor herein respectfully requests that this Honorable Court approve the within Motion to Modify a Chapter 13 Plan,

Respectfully Submitted:

Date: 7/22/2022

/s/ Samantha C. Wolfe
Samantha C. Wolfe, Esq.
Attorney ID# 328845
Scaringi & Scaringi PC
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110
Attorney for Debtor

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| IN RE:<br>**Aaron J Smith** | CHAPTER 13<br>CASE NO. 1:22-bk-00031<br><br>☐ ORIGINAL PLAN<br>4th AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>☐ Number of Motions to Avoid Liens<br>☐ Number of Motions to Value Collateral |
|---|---|

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

#### A. Plan Payments From Future Income

1. To date, the Debtor paid $4,962.42_ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**60,103.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/2022 | 07/2022 | | | | $4,962.42 |
| 08/2022 | 12/2026 | $1,016.36 | | $1,016.36 | $55,140.58 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $60,103.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

☑ Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**8,769.79**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_______________________________________________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_______________________________________________

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech Financial LLC | 6829 Shoestring Hill Rd P.O. Box 1 Quincy, PA 17247 Franklin County | 2635 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech Financial LLC | 6829 Shoestring Hill Rd P.O. Box 1 Quincy, PA 17247 Franklin County | $43,694.47 | $0.00 | $43,694.47 |
| Quincy Township | 6829 Shoestring Hill Road, Quincy Township, PA | $8,730.04 | $0.00 | $8,730.04 |

D . **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E . **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F . **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G . **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. PRIORITY CLAIMS.

A. **Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ 1,025.00 already paid by the Debtor, the amount of $ 3,475.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, certain Domestic Support Obligations)**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

☐ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☑ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| DDL Associates | Rent to own storage shed currently on debtor's residence | $303.53 | 0.00% | $0.00 | $0.00 | Assume |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☐ closing of case.

7. **DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: ________
Level 2: ________
Level 3: ________
Level 4: ________
Level 5: ________
Level 6: ________
Level 7: ________
Level 8: ________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **July 22, 2022**

**/s/ Samantha C. Wolfe**
**Samantha C. Wolfe 328845**
Attorney for Debtor

**/s/ Aaron J Smith**
**Aaron J Smith**
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

AARON J. SMITH : 
DEBTOR(S) : CASE NO: 1:22-BK-00031-HWV
:
: CHAPTER 13

**NOTICE OF DEADLINE TO OBJECT TO MOTION TO MODIFY A CHAPTER 13 PLAN**

NOTICE that an Amended Motion to Modify a Chapter 13 Plan was filed by the above-named Debtor in the above Chapter 13 Bankruptcy Case on July 22, 2022, and a copy thereof was served on all affected creditors. Creditors have 21 days from the date of filing of the Motion to Modify to file an objection to the amended plan. If no objection is timely filed, the court may confirm the amended plan without further notice or hearing.

Respectfully Submitted:

Date: July 22, 2022

/s/ *Samantha C. Wolfe*

Samantha C. Wolfe, Esquire
Attorney I.D. No. 328845
**Scaringi Law**
1000 Linglestown Road, Suite 106
Harrisburg, Pennsylvania 17110
717-657-7770 *telephone*
717-657-7797 *fax*
*swolfe@scaringilaw.com*
*Attorney for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| AARON J. SMITH | : | |
| DEBTOR(S) | : | CASE NO: 1:22-BK-00031-HWV |
| | : | |
| | : | CHAPTER 13 |

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2022, I served a copy of the *Debtor's Amended Motion to Modify, Proposed Order, Fourth Amended Plan, and 21 Day Passive Notice* on the creditors listed on the attached mailing matrix by first class mail.

Service was accomplished via ECF on the following:

Jack N. Zaharopoulos, Esq.
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Office of the U.S. Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

I certify under penalty of perjury that the foregoing is true and correct.

Date: July 22, 2022

/s/ ***Samantha C. Wolfe***
Samantha C. Wolfe, Esquire
Attorney I.D. No. 328845
**Scaringi Law**
2000 Linglestown Road, Suite 106
Harrisburg, Pennsylvania 17110
717-657-7770 *telephone*
717-657-7797 *fax*
*swolfe@scaringilaw.com*
*Attorney for the Debtor*

AARON J SMITH
6829 SHOESTRING HILL RD
PO BOX 1
QUINCY, PA 17247

SAMANTHA C. WOLFE
SCARINGI LAW
2000 LINGLESTOWN ROAD, SUITE 106
HARRISBURG, PA 17110

AMERIFUNDS

DDL ASSOCIATES
46 SPRINGFIELD RD
SHIPPENSBURG, PA 17257

DITECH FINANCIAL LLC
1140 VIRGINIA DR.
FORT WASHINGTON, PA 19034

James R. Wood, Esquire
Portnoff Law Associates, Ltd.
2700 Horizon Drive, Suite 100
King of Prussia, PA 19406

Rebecca A. Solarz, Esquire
obo Loancare, LLC
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
AARON J. SMITH :
DEBTOR(S) : CASE NO: 1:22-BK-00031-HWV
:
: CHAPTER 13

**ORDER**

AND NOW, upon consideration of the foregoing Amended Motion to Modify, and it appearing that no objection or Answer was filed to the Motion it is hereby Ordered and Decreed:

Debtor's Motion to Modify is hereby Granted.

**By the Court,**

Date: ______________________________